UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MUNGIN,

    Petitioner,

v.

ACTING WARDEN ANDY CRUZ, et al.,

    Respondents.

Civil Action No. 23-4078 (KMW)

**MEMORANDUM ORDER**

This matter comes before the Court on Petitioner Michael Mungin's habeas petition filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the filing fee, this Court is required to screen his petition As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his petition, Petitioner essentially raises two claims – in the first, he argues that he has been improperly classified to have a greatest severity security factor, and that this classification is improperly denying him transfer to a minimum level facility, in the second, he argues that he was not awarded sufficient credits under the First Step Act, despite his receipt of 365 days worth of credits.[1] Turning to the first claim, it is clear that this Court has no jurisdiction to resolve

---

[1] Petitioner makes multiple arguments in support of these claims, most of which deal with his belief that his crime of conviction – conspiracy to commit murder in furtherance of racketeering in violation of 18 U.S.C. § 1959 – should not be considered a violent offense under BOP guidelines – despite violations of § 1959 being listed as *per se* violent offenses in BOP regulations - in light

Petitioner's challenge to his public safety factors or inmate classification level. This is because § 2241 provides jurisdiction only to permit challenges to the fact or duration of an individual's confinement or to the execution of a sentence. *See, e.g., Butler v. Ortiz*, No. 20-10421, 2022 WL 320672 at *1 (D.N.J. Feb. 2, 2022). Challenges to even erroneous safety factor decisions and resulting custody classification levels are not cognizable under the statute as they do not go to the fact or duration of confinement, nor do they challenge an aspect of the execution of an imposed sentence. *Id.*; *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (claims asserting improper security or safety factors and resulting higher security classification levels "are not cognizable in a § 2241 petition because [they do] not challenge the basic fact or duration of . . . imprisonment" or the execution of a sentence). Petitioner's challenge to his safety factors and classification level must therefore be dismissed without prejudice at this time. *Briley*, 703 F. App'x at 71.

Having reviewed Petitioner's FSA credit related claim, however, this Court finds no basis for the dismissal of that claim prior to the filing of an answer, and will therefore direct the Government to respond to Petitioner's credit claim asserting he is entitled to additional credits towards his early transfer to prerelease custody.[2]

---

of Supreme Court opinions finding certain *criminal statutes* void for vagueness as to portions of their definition of crimes of violence. These arguments, however, are red herrings at best – the void for vagueness doctrine on which those cases relied is applicable only to punitive criminal statutes, not regulatory guidelines which do not themselves create criminal offenses. *See, e.g., Beckles v. United States*, 580 U.S. 256, 265-66 (2017). The vagueness doctrine is simply not applicable to BOP program statements controlling classification levels, and, as explained elsewhere in this Order, this Court is without jurisdiction to "correct" Petitioner's alleged improper classification in any event. Petitioner's violent crime definition related arguments are thus largely irrelevant to the two claims for relief he actually presents.

[2] The 365 days credits Petitioner already received is the maximum number of credits an inmate may receive towards early supervised release from confinement. *See* 18 U.S.C. § 3624(g)(3) (limiting early release into supervised release under the FSA to 12 months). Thus, to the extent Petitioner argues he is entitled to additional credits towards supervised release, he would be

**IT IS THEREFORE** on this 18th day of December, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order; and it is further

**ORDERED** that Petitioner's challenge to his safety factors and classification level is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the petition (ECF No. 1), and this Order, upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the petition, and this Order, to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 45 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to Petitioner's FSA credit related claim, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry; and it is further

---

mistaken. As Petitioner appears to only be arguing regarding credits towards a prerelease custody transfer, however, this Court will direct the Government to respond.

3

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 30 days after the answer is filed; and it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody status, Respondent shall electronically file a written notice of the same with the Clerk of the Court; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail.

Hon. Karen M. Williams,
United States District Judge