**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MUNGIN,

    Petitioner,

v.

ACTING WARDEN ANDY CRUZ, et al.,

    Respondents.

Civil Action No. 23-4078 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Michael Mungin pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 10), to which Petitioner replied. (ECF No. 13.) For the following reasons, the petition shall be dismissed without prejudice.

I. **BACKGROUND**

Petitioner is a federal prisoner currently serving a 480 month sentence for conspiracy to commit murder in furtherance of a racketeering enterprise in violation of 18 U.S.C. § 1959(a)(5). (ECF No. 10-2 at 2.) As a result of this crime of conviction, which the BOP deems a violent offense under its security classification policies, Petitioner is currently attributed with a "greatest severity" personal security factor by the prison. (*Id.* at 2-3.) Petitioner, however argues that this factor is erroneous as he believes his crime should no longer be considered a violent crime in light of recent Supreme Court cases which held that his offense does not constitute a crime of violence

sufficient to support a conviction under 18 U.S.C. § 924(c) and the Armed Career Criminal Act. *See, e.g., United States v. Davis*, 588 U.S. 445 (2019); *Sessions v. Dimaya*, 584 U.S. 148 (2018); *Johnson v. United States*, 576 U.S. 591 (2015). As a result of this allegedly improper security classification, Petitioner contends that he was improperly denied access to the BOP's Elderly Offender Pilot Program under the Second Chance Act. (ECF No. 1.) Petitioner also contends that his credits under the First Step Act have been improperly calculated, as he contends that he should receive 450 days of credits towards prerelease custody in addition to the 365 days of credits he has already received towards supervised release. (*Id.*) BOP records provided by the Government, however, indicate that as of December 30, 2023, Petitioner has already received the maximum of 365 days of credits towards early supervised release, and an additional 535 days of credits towards early transfer to prerelease custody. (ECF No. 10-2 at 7.)

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. <u>DISCUSSION</u>

In his current petition, Petitioner first contends that he has been improperly given a greatest severity security factor which is improper as he believes that his crime of conviction should no longer be considered a violent offense as part of the security factor calculation process, basing this argument on *Davis, Dimaya,* and *Johnson,* none of which deal with prison regulations and instead

2

deal with void for vagueness challenges to criminal statutes. As habeas jurisdiction only exists to address the fact, duration, or execution of a sentence, and not to challenge facets of day to day prison life, challenges to even erroneous security factor calculations and resulting classification levels are not cognizable in a habeas action as such factors do not directly affect the fact, duration, or execution of a sentence. *See Butler v. Ortiz*, No. 20-10421, 2022 WL 320672 at *1 (D.N.J. Feb. 2, 2022); *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (claims asserting improper security factors and resulting higher security classification levels "are not cognizable in a § 2241 petition"). This Court is thus without jurisdiction to consider Petitioner's challenge his security factor duration, and that claim must be dismissed as such.[1] *Id.*

In a related challenge, Petitioner contends that he has been denied the ability to enter the BOP's elderly offender pilot program or to home confinement under the CARES Act. Both the expanded home confinement provision of the CARES Act and the pilot program, however, expired in 2023, and entry into the pilot program or to expanded home confinement is no longer available. *See, e.g.*, 34 U.S.C. § 60541(g)(3) (authorizing pilot program only for the fiscal years between 2019 and 2023); *Cipolla v. Knight*, 2023 WL 8664676, at *2 (D.N.J. Dec. 15, 2023) (CARES Act home confinement claim moot as CARES Act authority terminated on June 10, 2023, when the COVID-19 national emergency was ended). Because both programs are no longer available even

---

[1] Although the Court need not discuss the matter further as the Court has no jurisdiction to grant relief on Petitioner's security factor challenge, the Court notes that the cases on which Petitioner relies to argue his underlying crime of conviction should not be considered all dealt with void for vagueness challenges to criminal statutes. That doctrine applies only to criminal statutes which define offenses or fix the permissible ranges of sentences for a given offense, and the vagueness doctrine does not apply to guidelines which merely guide a discretionary decision. *See, e.g., Beckles v. United States*, 580 U.S. 256, 262 (2017). A void for vagueness challenge premised on *Davis, Dimaya*, and *Johnson* is thus inapplicable to the BOP guidelines used in guiding the BOP's discretionary security factor classification decisions, and those cases provide no support for Petitioner's challenge in this matter.

3

had Petitioner been properly eligible for participation in them,[2] Petitioner's claims asserting any entitlement to relief under either of these two programs are now moot and must be dismissed as such. *Id.*

In his final claim, Petitioner contends that he should be entitled to 450 additional days of credits towards early transfer to prerelease custody in addition to the 365 days of time applied towards his early supervised release. Petitioner's prison records, however, already indicate that, as of December 30, 2023, Petitioner had already been awarded the maximum of 365 days towards early supervised release *and* an additional 535 days towards early transfer to prerelease custody. Petitioner thus appears to have received the credits he sought in his habeas petition already, and his claim that he is entitled to 450 days of credits towards prerelease custody appears to be moot[3] and must be dismissed as such. *See Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005).

Even were Petitioner's credit claim not moot, it would still be subject to dismissal as it was not properly exhausted. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause

---

[2] In his reply brief, Petitioner appears to admit that he, in fact, was not eligible for the pilot program in any event in light of his age at the time the program was in effect. (*See* ECF No. 13 at 10.)

[3] In his reply brief, Petitioner speculates as to how many credits he will earn in the future, and as to his resulting prerelease custody eligibility date. It is not abundantly clear what, exactly, Petitioner now believes may be incorrect with his current credit calculation, if anything. That the BOP has not provided an explicit prerelease custody eligibility date at this point, by Petitioner's own admission *four years* before he would be eligible (*see* ECF No. 13 at 9-10), is not itself any basis for relief. Petitioner may request such a calculation from the BOP at his own discretion. The claim he raised in his original petition – that he should receive 450 days of credit beyond the 365 days explicitly referenced by BOP officials in his institutional filings, however, appears to be moot at this point.

and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because the BOP is the entity with authority to recalculate prison credits and could provide Petitioner with any relief in the form of additional credits he seeks, exhaustion in this matter would not be futile in this matter, and Petitioner has shown no other basis to evade the exhaustion requirement.

In this matter, Petitioner contends he exhausted administrative remedies in 2022 when he filed a series of grievances through the various levels of the BOP administrative grievance system in which he contended that he was being discriminated against as a result of his crime of conviction, and in which he briefly mentioned that he was "not allowed to get the extra earned time credit from the First Step Act. (ECF No. 1-2 at 2-9). However, in the appeals of that grievance, Petitioner did not mention the Act or the credits accrued under it. (*Id.*) Petitioner's prison records indicate he filed no other relevant prison grievances or complaints. (*See* ECF No. 10-1.) Thus, Petitioner did not file a grievance specifically disputing the current calculation of his FSA credits towards prerelease custody, nor did he ever appeal any claim related to the FSA credits through the BOP's grievance system. Petitioner thus did not fully and properly exhaust his FSA

credit calculation claim before filing his habeas petition, and his FSA claims must therefore be dismissed without prejudice as such.[4]

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[4] To the extent that Petitioner wishes to challenge his credit calculation *after* he fully exhausts such a claim through all of the levels of the BOP grievance system, he may thereafter file a new habeas petition on that basis.